No. 663

ALLEN v. ISLAND CREEK COAL CO.

Ohio Appeals, 1st Dist., Hamilton County

No. 2173. Decided June 25, 1923

703. LANDLORD AND TENANT — 1. Minor use of water front after surrender of lease held not to constitute a holding over.

2. Running mooring lines to barges after expiration of lease held not to constitute a holding over but a trespass. .

3. Misuse of right of way after expiration of lease held not to constitute a holding over under facts of case.

BUCHWALTER, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

This was an action to recover rent for the use and occupancy of certain real estate which had been under lease to the coal company on a month to month tenancy. The plaintiff owned certain lands since 1854. During all of the intervening years there was a roadway extending through a portion of /plaintiff's property to the Ohio river, this roadway being used by the plaintiff as an outlet to her property. The defendant had used plaintiff's river frontage for some time for the mooring of its boats. This lease was finally changed from a year to year lease to a month to month lease. As the plaintiff raised the rent, the defendant decided not to occupy the premises any longer and so notified the plaintiff that it would surrender possession on or before Jan. 1, 1920.

The plaintiff claimed that the acts which showed a holding over by the defendant after this period were: the use of the river front of plaintiff's property by allowing its boats to remain in front of the same; that the defendant had on one or more occasions fastened a line on plaintiff's property; and that the defendant had closed the roadway on defendant's property over which plaintiff had

claimed an easement. A jury was waived and the Common Pleas held for the defendant, whereupon plaintiff prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. There was not such a use by the defendant of the water in front of plaintiff's property as to constitute a holding over under the terms of the lease.

2. In the event that the defendant ran lines from its barges to plaintiff's property, it would have been trespass and the plaintiff might have pursued her remedy on that basis.

3. As no easement or license was given to the defendant except by the terms of the lease, the plaintiff could at any time have compelled the defendant to comply with these conditions, but such a misuse would not constitute a holding over.

Attorneys—C. A. J. Walker and Walter Todd, for Allen; Bettinger, Schmitt & Kreis, for Island Creek Coal Company; all of Cincinnati.